IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL GREEN                                                                                   PLAINTIFF

v.                                    Civil No. 4:14-cv-04019

ROGER WISE; and JANE DOE                                                              DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Michael Green pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

**1.      BACKGROUND**

Plaintiff originally filed this case *pro se* on October 21, 2013 in the Eastern District of Arkansas. ECF No. 2. The case was properly transferred here on January 22, 2014. ECF No. 4. In his Complaint, Plaintiff claims his constitutional rights were violated when he was denied medical care. ECF No. 2. According to Plaintiff's address of record he is no longer incarcerated.

On April 15, 2014, the Court issued an Order directing Plaintiff to fill out and return an

application to proceed *in forma pauperis* ("IFP Application"). Plaintiff was directed to return the IFP Application by May 2, 2014. This Order was mailed to Plaintiff at his address of record at that time at the Arkansas Department of Correction Grimes Unit. ECF No. 7. On April 21, 2014, this Order was returned as undeliverable mail and marked "Paroled."

On July 17, 2014, the Court issued an Order to Show Cause. In this Order, the Court directed the Clerk to change Plaintiff's address of record to 517 Beene Street, Magnolia, Arkansas 71753 (the home address Plaintiff listed on his Complaint) and directed Plaintiff to respond to the Order to Show Cause by July 31, 2014. ECF No. 8. Plaintiff failed to respond, and the Order to Show Cause was not returned as undeliverable.

On January 26, 2015, the Court entered an Order again directing him to either return a completed IFP Application or pay the filing fee in this matter. Plaintiff was directed to respond by February 27, 2015. ECF No. 9. Plaintiff failed to respond, and the Order was not returned as undeliverable mail.

Finally, Plaintiff has not communicated with the Court since October 21, 2013 when he initially filed his Complaint. ECF No. 2.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal

Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3. **DISCUSSION**

Plaintiff has failed to comply with the Court's April 15, 2014 Order directing he file a completed IFP Application (ECF No. 7), the July 17, 2014 Order to Show Cause (ECF No. 8), and the January 26, 2015 Order (ECF No. 9). Further, Plaintiff has completely failed to prosecute this matter as he has not communicated with the Court past filing his original Complaint approximately eighteen months ago. Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to

comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4. CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 29th day of April 2015.**

                                                    /s/ *J. Marschewski*
                                                  HON. JAMES R. MARSCHEWSKI
                                                  UNITED STATES MAGISTRATE JUDGE